465 A.2d 644

**Wilhelmina DOVER, Appellant,**

v.

**PHILADELPHIA HOUSING AUTHORITY.**

Superior Court of Pennsylvania.

Argued Feb. 16, 1982.

Filed July 22, 1983.

Reargument Denied Oct. 3, 1983.

Arthur E. Schmidt, Philadelphia, for appellant.

Harold L. Frank, Philadelphia, for appellee.

Before JOHNSON, MONTEMURO and MONTGOMERY, JJ.

MONTEMURO, Judge:

Appellant, Wilhelmina Dover, is a tenant at Mantua Hall, a high-rise apartment building operated and maintained by the appellee, Philadelphia Housing Authority [PHA]. At various times during her tenancy Mrs. Dover complained to PHA about defects in her apartment that endangered the health and safety of herself and her minor children. Although Mrs. Dover gave PHA notice of these defects, PHA failed to repair them. Mrs. Dover withheld rent from PHA in the amount of $727.00.

On September 18, 1978, Mrs. Dover filed a grievance pursuant to a stipulation to arbitrate,[1] requesting that repairs be made and that she be awarded an abatement of rent. Following a full hearing, the arbitrator, on March 20, 1979, entered the following award in Mrs. Dover's favor.[2]

1.  A stipulation between the parties in *Brown v. PHA*, C.A. No. 72–2083 (E.D.Pa.1974), was entered on April 3, 1978 amending and clarifying a consent decree entered in that case. The stipulation established a grievance procedure whereby the parties would proceed to arbitration pursuant to the Pennsylvania Arbitration Act of 1927, 5 P.S. § 161, *et seq. Brown* was a class action and Mrs. Dover was apparently a member of the class.

2.  I, THE UNDERSIGNED ARBITRATOR, having been designated in accordance with the Arbitration Agreement entered into by the above-named Parties, and having been duly sworn and having heard the proofs and allegations of the Parties, AWARD, as follows:
    FINDINGS OF FACT
    1.  Claimant leased a unit at 3500 Fairmount Avenue, Apt. 703 for herself and her one minor child from PHA in April, 1973. The present monthly rental is $52.00.
    2.  The unit is located in Mantua Hall, an 18-story high rise building owned and operated by the Philadelphia Housing Authority.
    3.  There is a leak from the soil pipe at the ceiling into the bathroom.
    4.  There is falling plaster in the bathroom and rear bedroom.
    5.  The sink stops up constantly and spigots run continuously.
    6.  The pilot light on the stove is defective.
    7.  Floor tile is worn and cracked in kitchen, living room and bedroom.
    8.  There is an intermittent leak over the toilet.
    9.  The heat and hot water are intermittent.
    10.  There are arrearages of $727.00.
    AWARD
    1.  Claimant is entitled and hereby awarded repairs to all outstanding defects listed in L & I reports of June, 1975, violation C4 of the

The appellant was awarded repairs of all outstanding defects in the apartment; an abatement of the back rent arrearages in the amount of $100.00; and a prospective abatement of future rent until the repairs were completed. In addition, the arbitrator ordered the Mantua Hall Tenants Council to pay to PHA $496.00 it was holding in escrow.

Approximately five months after delivery of the award PHA had not made the repairs ordered by the arbitrator and Mrs. Dover had not paid to PHA the arrearages of $727.00 less the $100.00 abatement in provision three of the award.

On August 3, 1979, Mrs. Dover filed with the Court of Common Pleas a petition to confirm the arbitration award pursuant to Section 9 of the Arbitration Act of 1927.[3] On August 21, 1979, Mrs. Dover filed the petition with the Motion Court,[4] and PHA filed an Answer with New Matter on the same date. PHA's New Matter alleged, *inter alia*, that the proposed order included in Mrs. Dover's petition[5] omitted the provision ordering the payment of $496.00 to PHA by the Mantua Hall Tenants Council, and that the award of a future abatement of all rent was beyond the jurisdiction of the arbitrator, which was at law and did not extend to the granting of equitable relief. PHA also sub-

November 26, 1975 report and all defects listed in the Building Inspection Report of January 10, 1979.

2. Claimant is entitled and hereby awarded a monthly abatement until all repairs mentioned in paragraph 1 above are corrected.

3. Claimant is entitled to a rent abatement of $100.00.

It is hereby ordered that the Mantua Hall Tenants Council pay $496.00 to PHA.

3. We note that the arbitration in this case was governed by the Arbitration Act of 1927, Act of April 25, 1927, P.L. 381, No. 248, § 1 *et seq.*, 5 P.S. § 161 *et seq.*, and not the Uniform Arbitration Act, Act of October 5, 1960, P.L. 693, No. 142, 50(a), 42 Pa.C.S.A. § 7301 *et seq.* Thus, both the petition to confirm and the present appeal filed by Mrs. Dover must be judged under the standards applicable to the former act. Cf *Maxton v. PHA*, 308 Pa.Super. 444, 454 A.2d 618 (1982).

4. Pursuant to Local R.C.P. 140

5. Pursuant to Local R.C.P. 140

mitted a proposed order which omitted the provision granting a future abatement of rent to Mrs. Dover.[6]

Mrs. Dover responded by filing preliminary objections in the form of a motion to strike new matter alleging that PHA's proposed modification in its New Matter was barred by the three month statute of limitations for modifying or vacating awards as set forth in 5 P.S. § 173. On September 5, 1979, the lower court signed the order submitted by PHA modifying the award of the arbitrator. Mrs. Dover filed a timely appeal from this order.[7]

The lower court found that the modification of the arbitrator's award was justified by an implied consent of the parties because each submitted a proposed order at variance with the actual award of the arbitrator. The court opted for the order submitted by PHA because it "more nearly conformed to that which the arbitrator has [sic] originally directed ..." Lower Court Opinion at 2.

The appellant seeks to have the lower court's order reversed and the arbitrator's award confirmed in all respects on the basis that the modification was improper because it was ordered pursuant to a petition to confirm filed after the statutory period in which modifications are allowed.

The appellee counters with the arguments: that Mrs. Dover waived the statute of limitations for modification by submitting a proposed order which was at variance with the award of the arbitrator; that the lower court's order properly recognized the limitation inherent in the Arbitration Act of 1927 that only awards which conform to a judgment in an action at law are enforceable; and that Mrs. Dover

6. It is interesting to note that PHA did not object to provision one which mandated the repairs to be done to Mrs. Dover's apartment. This provision clearly calls for specific performance, an equitable remedy.

7. Subsequently, the lower court dismissed Mrs. Dover's Preliminary Objections. We note that the lower court's action taken after Mrs. Dover filed her notice of appeal is contrary to PA.R.A.P. 1701, and is therefore void.

has not preserved the statute of limitations defense for appeal.

We conclude for reasons that will be explained at length *infra* that the order of the lower court was in error—although not in a manner entirely contemplated by the parties. The order granting equitable relief was beyond the jurisdiction of the court, and therefore, we must reverse.

■■■ The starting point of our analysis is a determination of the grant of authority to the arbitrator. The authority of an arbitrator is determined by the provisions of the agreement to arbitrate. *City of Scranton v. Shoemaker,* 59 Pa.Commw. 141, 428 A.2d 1048 (1981). Herein the agreement is the stipulation of the parties in *Brown v. PHA, supra,*[8] which states:

4. The arbitrator's jurisdiction does not extend to tort claims or to claims for personal property damage, whether arising in tort or contract. *The arbitrator's jurisdiction shall include, but not be limited to, rent abatement claims.* (Emphasis added).

Thus, we find that the agreement providing for the arbitration procedure to be used in grievance cases expressly contemplated that the arbitrator's jurisdiction should include the abatement of a tenant's rents and consequently, the award as made was valid.

■ The second question, whether the lower court has the authority to enforce the equitable relief granted in the award must be answered in the negative. The only provision in the stipulation entered in *Brown v. PHA, supra,* which has any bearing on procedures subsequent to the arbitration states:

3. If either party should *appeal* an arbitrator's award, *such appeal shall be governed by the provisions of the Pennsylvania Arbitration Act of 1927.* A party contesting an arbitrator's award shall have thirty (30) days to notify the other party of its intention of appealing, and

8. See footnote 1, *supra.*

sixty (60) days thereafter to perfect such appeal. (Emphasis added).

The parties herein apparently construed this provision to mean that all proceedings to modify, vacate or confirm the arbitration award, as well as the grounds therefor, must be in conformity with those set forth in the Arbitration Act of 1927, 5 P.S. 161, *et seq.* It would seem, however, that such a construction would negate the ability of the parties to obtain enforcement of one of the arbitrator's expressly granted powers; *i.e.,* to grant rent abatements.

Section 14 of the Act, 5 P.S. § 174, sets forth the manner in which arbitration awards are enforced:

... The arbitration shall be docketed in the prothonotary's office as if it were an action at law in the prothonotary's office, with the moving party as plaintiff and the other parties as defendant or defendants.

*The judgment so entered shall have the same force and effect, in all respects and be subject to all the provisions of law relating to a judgment in an action at law, and it may be enforced as such in accordance with existing law.* (Emphasis added)

This provision has been construed by our Supreme Court as a limitation on the enforcement of arbitration awards. In *Goldstein v. International Ladies Garment Workers Union,* 328 Pa. 385, 393–94, 196 A. 43, 47–48 (1933), the court stated:

... the fact is ... that the act is not adaptable to controversies in which the relief sought is in the nature of a mandatory decree ...

\*　　\*　　\*　　\*　　\*　　\*

Arbitration acts almost identical with that in Pennsylvania, or at least closely similar thereto, exist in practically all of the states, but so far as research discloses, only in Pennsylvania and Rhode Island statutes are the words *"at law"* added as a limitation to the effect of a judgment confirming the arbitration award; in most of the acts provision is made that awards shall have the effect not only of judgments in actions at law, but also of

decrees in equity or orders in any form of action whatever. For some reason which may have seemed wise to the legislature, our statute was limited in the manner pointed out, and unless it is amended there does not exist in Pennsylvania any statutory provision for the enforcement of arbitration awards other than those which could be made the subject of judgments in actions at law.[9] (footnotes omitted)

Thus, we are constrained to find that the lower court erred in confirming any aspect of the award which granted equitable relief. There is little doubt that provision one ordering the repairs to Mrs. Dover's apartment is an order for specific performance, an equitable remedy and therefore not enforceable by the court. However, we feel the question of the nature of the prospective rent abatement—whether legal or equitable—warrants some discussion.

■ Prospective rent abatement by its nature is not susceptible to reduction to a judgment for ascertainable damages. The Restatement, Second, of Property (Landlord and Tenant), § 11.1, p. 358, Comment (6) sets forth different methods by which rent abatement can be accomplished including; (1) a defense to an action by a landlord to evict the tenant for failure to pay rent, (2) an action by the tenant to recover excess rent (rent stipulated in the lease) during the period in which he was entitled to an abatement, or (3) a declaratory judgment to establish the tenant's right to rent abatement and the amount of the abatement. The first two methods seem to address themselves to abatement of past rent and thus, are susceptible to reduction to judgment. *Teodori v. Werner*, 490 Pa. 58, 66–67 n. 7, 415 A.2d 31,

9. The amendment foreseen by the supreme court was, in fact, enacted as part of the Uniform Arbitration Act. Section 16, 42 Pa.C.S.A. § 7316 states:

Upon granting of an order of court confirming, modifying or correcting an award, *a judgment or decree* shall be entered in conformity with the order. The judgment or decree may be enforced as any other *judgment or decree.* Subject to general rules, costs of any application to the court and of the proceedings subsequent thereto, and disbursements may be imposed by the court. (emphasis added)

34–35 n. 7 (1980); *Pawco v. Bergman Knitting Mills, Inc.*, 283 Pa.Super. 443, 424 A.2d 891 (1980). However, the final method, declaratory judgment, is one amenable to either retrospective or prospective relief and seems akin to what the arbitrator in the instant case awarded.

We find that the provisions of the arbitration award granting prospective and mandatory relief are beyond the purview of Section 4 of the Arbitration Act of 1927, and thus, are not enforceable in a proceeding governed by that act. Thus, both the provision granting the prospective rent abatement and the provision requiring PHA to make repairs to Mrs. Dover's apartment were not enforceable by an order of the court of common pleas enforcing the arbitration award.

The cases cited by Mrs. Dover in support of the proposition that mandatory awards are enforceable are inapposite since they deal with arbitration procedures in labor disputes. These cases adopt the decision of the United States Supreme Court in *United Steelworkers of America v. Enterprise Wheel and Car Corp.*, 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960) which expansively defined the role of an arbitrator in labor disputes, especially with regard to his authority to fashion remedies to meet a wide range of situations. *Local 1594, United Transportation Union v. SEPTA*, 28 Pa.Commw. 323, 368 A.2d 834 (1977); *Teamsters Local Union No. 77 v. Pennsylvania Turnpike Commission*, 17 Pa.Commw. 238, 331 A.2d 588 (1975). Additionally, there is no indication in either of the above cited cases that enforcement was sought through the Arbitration Act of 1927.[10]

Having decided that the common pleas court lacked the statutory authority to enforce the arbitration award, we proceed to the question of the effect of PHA's failure to file

10. Federal test adopted for review of arbitrators awards appealed under Pa.R.J.A. No. 2001 (*rescinded* see 42 Pa.C.S.A. § 763(b)). *Local 1594, United Transportation Union v. SEPTA,* supra; *Teamsters Local Union No. 77 v. Pennsylvania Turnpike Commission,* supra.

a petition to vacate [11] or a petition to modify [12] within the three month period prescribed by the Act.[13]

In *Emporium Area Joint School Authority v. Amundson Construction and Building Supply Co.*, 402 Pa. 81, 166 A.2d 269 (1961), the court reversed the order of the lower court modifying an arbitration award where the petition to modify or vacate the award was filed over five months after delivery of the arbitration award. The court ruled that a petition to vacate or modify an arbitration award must be filed within three months of the delivery of the award to the parties or it must be dismissed. However, we find the supreme court's decision in *Emporium Area Joint School Authority, supra,* to be inapposite. In that case, the court found the three month statute of limitation to be a bar to modifying an award otherwise enforceable by the court; *i.e.,* an award reducible to a judgment at law.

▬▬▬ In the present case, the proposed modification of the award in the Answer and New Matter was an objection to the authority or jurisdiction of the court to enforce the award. When a court takes action beyond the power conferred on it by law (its jurisdiction), its action is a nullity, and objection to it cannot be waived by the defendant. *Commonwealth v. Hall*, 291 Pa. 341, 354, 140 A. 626, 631 (1928); *Commonwealth v. Boerner*, 281 Pa.Super. 505, 513 n. 6, 422 A.2d 583, 587 n. 6 (1981). Thus, we find no bar to PHA's pleading of a jurisdictional defect by Answer and New Matter to Mrs. Dover's petition to confirm.

Accordingly, we order that the order of the court of common pleas modifying the award of the arbitrator be vacated and we remand the case to the lower court for entry of an order in conformance with this opinion. We do not retain jurisdiction.

Vacate and remand.

11. 5 P.S. § 169.

12. 5 P.S. § 170.

13. 5 P.S. § 173.