## Cigna/INA Insurance Co. v. Kilmer

*Scott J. Tredwell,* for plaintiff.
*Charles S. Silver,* for defendant.

O'BRIEN, *J.*, May 8, 1998—Following the entry of an arbitrator's award in an automobile uninsured motorist proceeding conducted under the Pennsylvania

Uniform Arbitration Act, Cigna/INA Insurance Company filed a timely petition with this court to vacate and/or modify the arbitrator's award. When counsel for the insurance carrier learned of the decision of a federal court with respect to assessment of damages for the injuries suffered by the same claimant in the same automobile accident, a motion for reconsideration was filed with the arbitrators. Collaterally, counsel for the insurance carrier also filed an amended petition with this court on February 17, 1998, raising the same issue for the first time. Counsel for the successful claimant at the arbitration has filed a motion to quash that amended petition as being untimely filed. Following the submission of briefs and oral argument, the issue of the procedural status of this arbitration appeal is now before the court for disposition.

Following a teleconference with counsel for all parties on March 11, 1998, this court set a briefing schedule and scheduled oral argument limited to the following questions:

"(a) Whether this court's jurisdiction having been invoked by a petition to vacate/modify the award, the arbitrators have any jurisdiction to consider the post-award submissions of the parties;

"(b) Whether this court should resubmit the arbitration award for clarification to the arbitrators in view of the issues raised for the first time in the 'amended petition' filed by Cigna/INA Insurance Company."

All counsel conceded at argument that once this court's jurisdiction was invoked by a petition to vacate and/or modify the arbitration award, the arbitrators are without authority to take any further action. However, this leaves for our resolution the issue of whether or

not we should resubmit this proceeding to the arbitrators for clarification in view of the issues raised for the first time in the amended petition filed by the insurance carrier.

First, we must consider the petition of the successful claimant at the arbitration to quash the amended petition and, therefore, dismiss the issues raised for the first time in that petition. In essence, counsel for the claimant argues that once a petition to vacate and/or modify an arbitration award has been filed, this court is without authority to allow an amendment of that petition. However, in *Cellutron Products Corp. v. Stewart,* 223 Pa. Super. 391, 300 A.2d 900 (1972), our Superior Court reversed the decision of a trial judge who denied an amendment of pleadings in an appeal from an arbitration proceeding. The Superior Court noted that amendments are liberally allowed under Rule 1033 of the Pennsylvania Rules of Civil Procedure and, "we see no reason to apply a more restrictive rule merely because the cause of action before the court has come to it upon appeal from an arbitrator's award." Furthermore, in *Dover v. Philadelphia Housing Authority,* 318 Pa. Super. 460, 465 A.2d 644 (1983), our Superior Court allowed a party in an arbitration appeal to raise an issue by a pleading which was filed well beyond the period within which a petition to modify and/or vacate would have been required. Therefore, we conclude that we must allow the insurance carrier's amendment to its pleading.

The issue raised by the insurance carrier goes to the essence of the fairness of the arbitration proceeding. The most important issue submitted to the arbitrators for decision was the determination of the amount of

damages suffered by the claimant in the automobile accident. The arbitrators awarded the sum of $3,500,000. However, counsel for the claimant did not disclose to his adversary nor to the arbitrators that on July 18, 1991 in a proceeding against the original tort-feasor, the Honorable Richard P. Conaboy, chief judge of the United States District Court for the Middle District of Pennsylvania, entered a verdict in response to a request by the same counsel fixing the damages in favor of the claimant from the same accident in the amount of $1,250,000. There is no question that the failure of counsel for claimant to disclose this information raises serious issues with respect to Rule 3.3 of the Rules of Professional Conduct and also implicates the "full and fair hearing" concept articulated by our Superior Court in *Donegal Insurance Company v. Longo,* 415 Pa. Super. 628, 610 A.2d 466 (1992). Since the parties, by their insurance contract, bargained for an arbitrator's resolution of any disputes under the contract, we believe the appropriate remedy is to allow the arbitrators to reconsider their award in light of this very pertinent evidence recently brought to light.

In *McIntosh v. State Farm Fire and Casualty Co.,* 425 Pa. Super. 311, 625 A.2d 63 (1993), the Superior Court held that the Uniform Arbitration Act authorizes the trial court, within its discretion, to resubmit an arbitration award for clarification or modification even though neither party has specifically requested such relief. In the case at bar, both counsel indicated during our original teleconference argument the possibility of resubmitting the matter to the arbitrators. However, they were unable to agree on the procedural posture which would follow such resubmission and, therefore, the matter came onto this court for argument in its present

form. However, in fairness to the claimant, we will set a time limit upon the arbitrators for making their decision.

## ORDER

And now, May 8, 1998, it is ordered as follows:

(1) The motion of Susan Kilmer to quash the "amended petition" filed by Cigna/INA Insurance Company in this proceeding is denied.

(2) This proceeding is remanded to the arbitrators hereinbefore selected for clarification and reconsideration of their award in view of the proceedings and the verdict entered by the Honorable Richard P. Conaboy in proceedings captioned as *Susan Kilmer v. Wayne Wilkinson,* Civil no. 88-279 in the United States District Court for the Middle District of Pennsylvania.

(3) The arbitrators shall convene to consider the foregoing proceedings and file a written decision within 90 days of the date hereof which shall be served upon counsel for both parties.