Catherine Marshall, Esq., Philadelphia, for Commonwealth.

Robert A. Graci, Esq., Harrisburg, for Office of Attorney General.

### ORDER

PER CURIAM.

**AND NOW,** this 26th day of June, 2008, the "Motion to Quash Frivolous Appeal Filed by No–Good–For–Nothing Court Appointed Lawyer ... on Behalf of the Commonwealth" is **GRANTED,** and the Commonwealth's Motion for Appointment of Counsel and Remand is **DENIED.**

**Diane L. FASTUCA, Appellee**

v.

**L.W. MOLNAR & ASSOCIATES, Louis W. Molnar, Jr. and Mary Lou Molnar, Individually and t/d/b/a L.W. Molnar & Associates, Appellants.**

Superior Court of Pennsylvania.

Argued March 18, 2008.

Filed May 9, 2008.

Reargument Denied July 17, 2008.

Kevin P. Lucas, Pittsburgh, for appellants.

David A. Wolf, Pittsburgh, for appellee.

BEFORE: BENDER, BOWES and TAMILIA, JJ.

OPINION BY BENDER, J.:

¶ 1 Louis W. Molnar, Jr. and Mary Lou Molnar, individually and trading and doing business as L.W. Molnar & Associates, and L.W. Molnar & Associates (the Molnars) appeal the trial court's order terminating common law arbitration of claims raised in the underlying civil action by Diane L. Fastuca. The Molnars contend that the trial court abused its discretion in attempting to terminate the arbitration or alter the findings of the arbitrator prior to entry of a final award. We concur in the Molnars' assessment of the trial court's ruling. Accordingly, we reverse the court's order and reinstate the arbitration proceedings.

¶ 2 L.W. Molnar & Associates was created in 1972 as a general partnership for the operation and management of real estate investment properties subject to a partnership agreement. The partnership consisted of Louis W. Molnar, Mary Lou Molnar, and Diane Fastuca, the three of whom are adult siblings as well as business partners. Sometime in 1998, Fastuca became dissatisfied with the manner in which partnership proceeds were divided and retained counsel to represent her interests. Unable to resolve the matter over a period of several years, Fastuca informed the Molnars by letter of September 20, 2003, of her intention to dissolve the partnership and to seek distribution of her partnership share pursuant to 15 Pa.C.S. § 8353.

¶ 3 Shortly thereafter, Fastuca filed a motion for preliminary injunction to prevent dissipation of partnership assets pending resolution of the parties' dispute, followed by a complaint in equity seeking dissolution of the partnership and a winding up of affairs. In response, the Molnars filed a motion to compel arbitration pursuant to the corresponding provision of the partnership agreement. The presiding motions judge received briefs in support of the parties' respective motions and convened oral argument. Arguing in favor of the proposed transfer, the Molnars asserted that the Pennsylvania Uniform Arbitration Act, 42 Pa.C.S. § 7301, *et seq.*, requires the court to compel arbitration any time a valid agreement to arbitrate exists and the objects of the dispute fall within the intended scope of the arbitration clause. Memorandum of Law in Opposition to Plaintiff's Motion for Preliminary Injunction and in Support of Defendant's Petition to Compel Arbitration at 7 (citing 42 Pa.C.S. §§ 7304(a), (d), 7342(a)). Fastuca countered that her notice of dissolution had rendered the arbitration agreement inapplicable to the pending dispute and that the Pennsylvania Uniform Partnership Act, 15 Pa.C.S. § 8359, vested her with a statutory right to have partnership affairs wound up by the court. Brief in Opposition to Motion to Compel Arbitration, 1/28/04, at 8 (citing *Girard Bank v. Haley,* 460 Pa. 237, 332 A.2d 443 (1975);

*Canter's Pharmacy, Inc. v. Elizabeth Assocs.*, 396 Pa.Super. 505, 578 A.2d 1326 (1990)).

¶ 4 At the conclusion of oral argument, the court found that because the arbitration clause of the partnership agreement was not clearly inapplicable, the matter must be referred to arbitration. Consequently, by order of February 4, 2004, the court ordered "that the parties shall proceed with arbitration of all issues raised in Plaintiff's Motion for Preliminary Injunction and Plaintiff's Complaint in Equity, in accordance with the partnership agreement among the parties." Order of Court, 2/4/04. Additionally, the court denied Fastuca's motion for preliminary injunction and dismissed her complaint without prejudice.

¶ 5 Following entry of the court's order, the parties selected David B. Fawcett, Esquire, to arbitrate their case in accordance with the rules of the American Arbitration Association. On September 15, 2004, Arbitrator Fawcett convened a proceeding (on the nature of which the parties disagree) at which he received oral argument.[1] Thereafter, on September 17, 2004, Arbitrator Fawcett issued a document designated "Findings of Arbitrator" in which he reached the following salient conclusions:

1. In the September 20, 2003 letter of Diane L. Fastuca, a partner, in a partnership known as L.W. Molnar & Associates, to the Partnership, she validly exercised her right to dissolve the Partnership under the provisions of 15 Pa. C.S. § 8353.

\* \* \* \*

3. The dissolution exercised by Ms. Fastuca is under § 8353(2) of the Partnership Act, and the dissolution is in contravention of the written Partnership Agreement between the parties.

\* \* \* \*

6. If the Partnership Agreement contains express provisions relating to the Partnership, the disposition of those issues are [sic] governed by the provisions of the Partnership Agreement, not the Partnership Act, and the terms of the Agreement will be enforced.

7. Louis Molnar and Mary Lou Molnar have not caused dissolution wrongfully and under Section 8360(b)(2) have the right against Diane Fastuca to damages for breach of contract. They have the right to continue the business and pay the value of Diane Fastuca's interest in the Partnership at the time of the dissolution, less any damages caused to Louis Molnar and Mary Lou Molnar by the wrongful dissolution and without consideration of the goodwill of the Partnership.

\* \* \* \*

11. Diane L. Fastuca and her representative shall be provided immediate access to all the Partnership books, records and accounts and any other relevant information as to the value of the business of L.W. Molnar & Associates.

\* \* \* \*

14. The Arbitrator will retain jurisdiction to resolve any controversy or claim regarding the purchase price and/or the value of the interest that the partner, Diane Fastuca[,] is entitled to, or any further dispute between the parties pertaining to the dissolution of L.W. Molnar & Associates.

15. The parties are directed to promptly exchange the records and information necessary for the evaluation of Diane Fastuca's interest in the Partnership

---

1. Unfortunately, a transcription of the proceeding does not appear to exist.

and the purchase price for her partnership interest.

Findings of Arbitrator, 9/17/04, at 2–4.

¶ 6 Following entry of the foregoing "Findings of Arbitrator," Fastuca remained unable to secure full disclosure of the requisite partnership records and, on January 31, 2005, filed with the Arbitrator a Motion to Compel Production of Partnership Records. Although the record suggests that the Arbitrator granted the Motion, certain documents were not provided, ostensibly due to their destruction in a flood in 2004. Consequently, in November 2005, Fastuca filed with the Arbitrator a Motion for Entry of an Order for Contempt for Failure to Produce Partnership Records Pursuant to Directive of Arbitrator and Leave to Enforce in the Court of Common Pleas of Allegheny County, Pennsylvania. At a hearing convened on the Motion on December 15, 2005, counsel for the partnership testified concerning the state of partnership records, but the Arbitrator refused to receive the testimony of Fastuca's accountants concerning their efforts to obtain disclosure of those records.

¶ 7 The record before us does not document the result of the hearing; nevertheless, Fastuca asserts that as of November 10, 2006, she still had not obtained full disclosure of the partnership records and, consequently, filed the Motion to Terminate Arbitration that underlies this appeal. Ten days later, on November 20, 2006, the presiding motions judge convened oral argument on the Motion but withheld his ruling thereafter as he attempted to negotiate a settlement of the parties' differences. On that same date, Arbitrator Fawcett scheduled a hearing to convene on January 8, 2007, to take testimony on the value of Fastuca's distributive share of the partnership in accordance with the earlier "Findings of Arbitrator." Before that hearing could convene, however, the mo-

tions judge, by order of January 3, 2007, stayed the arbitration generally pending further settlement discussions and order of court. Although Fastuca sought to appeal that order in a Notice filed January 29, 2007, she failed to comply with the trial court's order to file a Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925(b), and we quashed her appeal *sua sponte.* The trial court continued to hold the Motion to Terminate under advisement until June 26, 2007, when it entered the order at issue here, purporting to terminate the arbitration and directing that the parties proceed via actions in partition to divide partnership real estate.

¶ 8 In support of its disposition, the trial court rendered a memorandum opinion characterizing the "Findings of Arbitrator" as an "award" and concluding that the standard of proof necessary to vacate or modify an award had been met:

> Here, the Award rendered is indeed unjust, inequitable and unconscionable since it rests on arguments alone, and no sworn testimony was ever taken despite Fastuca's specific request for sworn transcribed testimony. Further[,] · the finding that Fastuca's resort to the Partnership Law was "wrongful[,]" and can form the basis for damages is mind boggling.

Trial Court Opinion, 6/26/07, at 8. In addition, the court expressed doubt about the efficacy of arbitration generally and implicitly criticized the Arbitrator for the continuing absence of documents the Molnars had been ordered to produce. Trial Court Opinion, 6/26/07, at 7 ("I am well aware that Arbitration is favored. However, I have become increasingly disenchanted with the quality of justice achieved before Arbitrators."); *id.* at 8 ("Courts are much better equipped than Arbitrators to decide and enforce discovery issues."). Accordingly, the court rendered the following dis-

position, terminating the arbitration and modifying the Arbitrator's Findings:

> I hereby terminate any further Arbitration, and direct the parties to proceed in Court simply to enforce the award, which finds a dissolution, but without regard to the finding of "wrongful termination" or the assessment of damages. I would think that it should proceed as a Partition action under applicable rule and law.

Trial Court Opinion, 6/26/07, at 8. Significantly, the court did not convene an evidentiary hearing prior to rendering its order.

¶ 9 Following the trial court's order terminating arbitration, the Molnars filed this appeal, stating the following questions:

A. Whether the trial court abused its discretion or committed an error of law in modifying the Arbitrator's Findings as purportedly unconscionable pursuant to 42 Pa.C.S.A. § 7341?

  (i) Whether the trial court committed an error of law in determining that the Arbitrator's Findings constitute an arbitration "award" under 42 Pa.C.S.A. § 7341?

  (ii) Alternatively, if the Arbitrator's Findings are deemed to constitute an "award," whether any challenge to the Arbitrator's Findings, the Arbitrator's retained jurisdiction and to the arbitrability of the issue of the valuation of the Partnership interest are waived?

  (iii) Alternatively, if the Arbitrator's Findings are deemed to constitute an "award," whether the trial court abused its discretion or committed an error of law in making a determination under 42 Pa.C.S.A. § 7341 and directing enforcement through partition *sua sponte* without giving notice

and an opportunity to be heard on those issues?

  (iv) Alternatively, if the Arbitrator's Findings are deemed to constitute an "award," whether the trial court abused its discretion or committed an error of law in determining that the Arbitrator's Findings are allegedly unjust, inequitable and unconscionable pursuant to 42 Pa.C.S.A. § 7341?

B. Whether the trial court abused its discretion or committed an error of law by exceeding the scope of its authority in terminating the ongoing arbitration and purporting to order direct enforcement of the "award" as modified by the trial court through partition in the absence of any statutory or decisional authority?

Brief for Appellant at 3.

¶ 10 Significantly, Fastuca posits a Counter Statement of the Questions Involved that implicitly challenges the appealability of the trial court's order and, by extension, our jurisdiction to consider the merits of this appeal. We reproduce the corresponding provisions of that Counter Statement here in recognition of the controlling nature of this issue:

A) Whether the order is final and appealable or an order that is interlocutory and appealable as of right?

  (1) Whether the Order is final and appealable [ ] as an interlocutory order appealable as of right as it modified a common law arbitration finding ("award") pursuant to 42 Pa.C.S.A. § 7342?

  (2) Whether the order is final and appealable as Diane L. Fastuca's underlying complaint and injunction are pending in [the] lower court on a motion to reinstate?

(3) Whether the order is final and appealable as partition and other actions are pending in the lower court?

(4) Whether the order is final and appealable as an order directing partitions pursuant to Pa.R.A.P. 311(a)(7)[?]

Brief for Appellee at 3.

¶ 11 Because the issue of appealability raised by Fastuca's counter statement implicitly challenges our jurisdiction to entertain the Molnars' appeal, we are compelled to resolve it before reviewing the merits of the trial court's order terminating the arbitration. *See Kulp v. Hrivnak,* 765 A.2d 796, 798 (Pa.Super.2000). The extent to which the order of a trial court is appealable raises a question of law; thus, our scope of review is plenary and our standard of review is *de novo. See In re James,* 944 A.2d 69, 72, 2008 WL 898490, *3 (Pa.2008).

¶ 12 The Pennsylvania Rules of Appellate Procedure provide, subject to exceptions, that "an appeal may be taken as of right from any final order of an administrative agency or lower court." Pa.R.A.P. 341(a). "A final order is an order that disposes of all claims and of all parties, or is expressly defined as a final order by statute or the ordering court." *Kulp,* 765 A.2d at 798 (citing Pa.R.A.P. 341(b)). "Thus, to determine whether finality is achieved, 'we must consider whether the practical ramification of the order will be to dispose of the case, making review appropriate.'" *Friia v. Friia,* 780 A.2d 664, 667 (Pa.Super.2001) (quoting *Kulp,* 765 A.2d at 798). Typically, a trial court's order directing a dispute to arbitration will not be deemed final, as it does not address the merits of the parties' claims but merely transfers their existing dispute to another forum in accordance with the arbitration provision of the underlying contract. *See Schantz v. Dodgeland,* 830 A.2d 1265, 1266–67 (Pa.Super.2003). By contrast, a court's order refusing to order a case to arbitration is appealable by statutory right. *See* 42 Pa.C.S. § 7342(a) (adopting, for application in common law arbitration, provisions allowing appeals of court orders affecting statutory arbitration under 42 Pa.C.S. § 7320); *see also* 42 Pa. C.S. § 7320(a)(1) (allowing appeal of right from denial of application to compel arbitration).

¶ 13 The extent to which an order is appealable, on any basis, *when it terminates ongoing arbitration proceedings,* raises a question of first impression in Pennsylvania. Fastuca asserts that the court's order is not final, and therefore not appealable, due to the fact that the underlying complaint may yet be litigated should the trial court grant her motion for reinstatement. Brief for Appellee at 13. Finality is further negated, she contends, by the fact that the court ordered enforcement of the "award" as modified via partition and that she has since commenced multiple partition actions directed at securing her share of partnership property. Brief for Appellant at 14. Fastuca fails, however, to offer substantial analysis of how the mere possibility that her claims might be addressed in other actions or in a reinstated civil action undermines the finality of the court's order on the record before us. Regardless of whether the trial court might elect to grant reinstatement of Fastuca's civil complaint, the fact remains that upon ordering this dispute to arbitration, the presiding motions judge dismissed the existing complaint.[2] Thus, the

2. The action of the motions judge in dismissing the civil action when transferring the case to arbitration was arguably erroneous. *See Stern v. Prudential Financial, Inc.,* 836 A.2d

arbitration process the court ordered was the only avenue of relief remaining, upon termination of which both the parties and their claims were "out of court." Similarly, the pendency of scattered partition actions before multiple trial courts fails entirely to address the issue of the finality of the order before us *on this record*. Although the trial court's order contemplates continuing litigation for the dissolution of the partnership and the partition of partnership property, the actions Fastuca initiated are procedurally discrete from this one. Although, as Fastuca urges, these actions might be coordinated, that issue is not before us and for now the actions conceived by the trial court's order remain separately docketed proceedings, each of which might spawn its own appeals in an exercise of unnecessary piecemeal litigation. In any event, we find the existence of other actions immaterial to a determination of finality in this action.

¶ 14 Based upon the "practical ramifications" of the court's order here, *see Friia*, 780 A.2d at 667, we find that finality has been achieved. Indeed, the very reasons Fastuca advances to demonstrate why the trial court's termination order is not final help to establish why it is. The fact that litigants would be compelled to commence other actions in other forums to address the substance of the dispute we consider here provides all the evidence necessary to show that, in this action, all claims and all parties are indeed, "out of court." We hold, accordingly, that a trial court's order purporting to terminate arbitration when the arbitration proceeding is the only means then of record for resolution of the parties' dispute is a final order for purposes of appellate review. *Cf. Friia*, 780 A.2d at 667 (concluding that trial court's

order refusing to enforce settlement was final and appealable where enforcement of settlement was the only means of redress available to the aggrieved party on the record then before the court). Given our conclusion that the trial court's order is thus appealable, we proceed to the merits of the Molnars' claims challenging the trial court's exercise of discretion.

¶ 15 In support of their challenge to the trial court's order terminating arbitration, the Molnars state two principal questions, the first, whether the court abused its discretion in purporting to alter the arbitrator's findings, and the second, whether the court acted beyond the scope of its lawful authority in terminating the arbitration and directing enforcement of the modified "award" through actions in partition. The resolution of these two questions rests upon a determination of the extent of the trial court's authority to intervene in arbitration prior to entry of an award as designated by the arbitrator. Accordingly, we consider both questions together. Because the measure of a trial judge's authority in such matters raises a question of law, our scope of review is again plenary and our standard of review is *de novo*. *See In re James*, 944 A.2d at 72, 2008 WL 898490 at *3.

¶ 16 Arbitration in Pennsylvania may proceed in one of three forms, each of which is created by statutory provisions that prescribe the nature of the claims subject to resolution and the extent to which judicial authority may be imposed upon the underlying dispute. The first, statutory arbitration, is a function of the Uniform Arbitration Act as adopted in this Commonwealth on October 5, 1980, by act

953, 954 (Pa.Super.2003) (citing *Schantz*, 830 A.2d at 1266–67) ("[W]hen referring a matter to arbitration, the trial judge is not to dismiss the case but is to stay the civil action until the arbitration is completed."). Nevertheless, the parties do not premise their competing claims on this issue. Accordingly, we do not find it dispositive of this appeal.

of the General Assembly. *See* 42 Pa.C.S. §§ 7301–7320. Application of statutory arbitration is limited to those cases in which "the agreement to arbitrate is in writing and expressly provides for arbitration pursuant to [the Uniform Arbitration Act] or any other similar statute[.]" 42 Pa.C.S. § 7302. The lawful scope of judicial authority in such proceedings is substantially limited by provisions of the enabling statute. *See* 42 Pa.C.S. §§ 7304, 7305, 7313, 7314, 7315, 7316, 7318, 7319, 7320.

¶ 17 The second form, common law arbitration, encompasses all claims in which an agreement between the parties contemplates resolution of their disputes by arbitration but does not call specifically for application of the Uniform Arbitration Act. *See* 42 Pa.C.S. 7341; *see also Sage v. Greenspan*, 765 A.2d 1139, 1141 (Pa.Super.2000). Nevertheless, the lawful scope of judicial authority in common law arbitration is specified by incorporation of multiple limitations imposed by the Uniform Arbitration Act and otherwise applied in statutory arbitration. *See* 42 Pa.C.S. § 7342 (recognizing the applicability of 42 Pa.C.S. §§ 7303, 7304, 7305, 7309, 7317, 7318, 7319, 7320 (except subsection (a)(4))).

¶ 18 The third form, judicial arbitration, consists of compulsory arbitration before members of the Bar where the claim involves title to real property or the value of the claim is less than $50,000, *see* 42 Pa.C.S. § 7361, and of voluntary arbitration of matters "referred by consent of the parties to one or more appointive judicial officers or other persons for hearing or hearing and disposition," *see* 42 Pa.C.S. § 7362. Judicial arbitration occurs as a matter of law when the parties' disputes fall within the statutorily designated categories. Considered together, these measures reflect a legislative effort to limit the need for judicial intervention in the first instance where other means of dispute resolution are indicated by the circumstances of a case. *See Chester Upland School Dist. v. McLaughlin*, 655 A.2d 621, 627 (Pa.Cmwlth.1995) (*en banc*) ("The purpose of the UAA was to promote the resolution of disputes in a nonjudicial forum while still providing for the court's role in compelling or staying arbitration proceedings when requested.").

¶ 19 This matter proceeded in common law arbitration following recognition by the trial court that the parties' agreement, while specifying resolution of disputes by arbitration, made no express reference to the Uniform Arbitration Act. The scope of common law arbitration is prescribed by 42 Pa.C.S. § 7341:

### § 7341. Common law arbitration

The award of an arbitrator in a nonjudicial arbitration which is not subject to Subchapter A (relating to statutory arbitration) or a similar statute regulating nonjudicial arbitration proceedings is binding and may not be vacated or modified unless it is clearly shown that a party was denied a hearing or that fraud, misconduct, corruption or other irregularity caused the rendition of an unjust, inequitable or unconscionable award.

42 Pa.C.S. § 7341. By its plain language, section 7341 grants a trial court only limited authority to vacate or modify an arbitrator's disposition dependent upon a showing of specific circumstances and an exacting standard of proof. *See McKenna v. Sosso*, 745 A.2d 1, 4 (Pa.Super.1999) (requiring that appellant must bear the burden to establish "both the underlying irregularity and the resulting inequity by 'clear, precise, and indubitable' evidence"). Significantly, this section specifies only *the award* of the arbitrator as the subject of judicial action, making no mention of preliminary determinations of any sort. This omission is not accidental; indeed, the

scope of a court's authority to act prior to entry of an award appears limited to compelling arbitration or staying proceedings in progress. *See* 42 Pa.C.S. § 7304(b). This power is limited as well, however, allowing the court to suspend the arbitration only to determine the arbitrability of the claim, *i.e.*, whether the parties in fact agreed to arbitrate. *See Paone v. Dean Witter Reynolds, Inc.*, 789 A.2d 221, 225 (Pa.Super.2001) (quoting *Flightways Corp. v. Keystone Helicopter Corp.*, 459 Pa. 660, 331 A.2d 184, 185 (1975)) ("When one party to an agreement to arbitrate seeks to enjoin the other from proceeding to arbitration, judicial inquiry is limited to the questions of whether an agreement to arbitrate was entered into and whether the dispute involved falls within the scope of the arbitration provision."). The court may not impose a stay for other reasons, but must limit its focus to the parties' agreement and whether the dispute to be addressed in the arbitration proceedings falls with the arbitration clause of their contract. *See Boyce v. St. Paul Prop. & Liability Ins. Co.*, 421 Pa.Super. 582, 618 A.2d 962, 967 (1992); *Sanitary Sewer Auth. v. Dial Assocs. Constr. Group*, 367 Pa.Super. 207, 532 A.2d 862, 864 n. 3 (1987). The court does not have discretion, pursuant to a stay, to consider questions of procedure germane to the arbitration itself or to delve into the merits of the case. *See Ross Dev. Co. v. Advanced Building Dev., Inc.*, 803 A.2d 194, 199 (Pa.Super.2002). Should the court act beyond this narrow grant of authority, its action is a nullity. *See Dover v. Philadelphia Hous. Auth.*, 318 Pa.Super. 460, 465 A.2d 644, 649 (1983).

¶ 20 In this case, the trial court concluded, without discussion, that the "Findings of Arbitrator" upon which it premised its stay and ultimate disposition, were in fact an "award," and were therefore subject to modification or vacatur pursuant to 42 Pa. C.S. § 7341. The record fails to support this conclusion. In point of fact, the "Findings" themselves recognize the preliminary nature of the Arbitrator's action, expressly maintaining jurisdiction to resolve matters not yet addressed concerning the value of Fastuca's distributive share "or any further dispute between the parties pertaining to the dissolution of L.W. Molnar & Associates." Findings of Arbitrator, 9/17/04, at 4, ¶ 14. The Findings do not purport to resolve the parties' dispute. Rather, by determining facts and focusing on remaining legal issues, such as the continuity of the partnership and Fastuca's putative breach of the partnership agreement, the Findings frame the issues that remain subject to resolution at subsequent hearings. The Findings' preliminary nature is further reinforced by the arbitrator's direction that the parties "promptly exchange the records and information necessary for the evaluation of Diane Fastuca's interest in the Partnership."

¶ 21 Although the hearing scheduled in arbitration for January 8, 2007, may have produced the ultimate resolution sought by both parties, the trial court's order, which preceded the scheduled hearing by only five days, rendered such a resolution impossible and with it, any potential for a timely "award." Had such an actual "award" been entered, the trial court, pursuant to section 7341, could have confirmed the award without further delay, *see* 42 Pa.C.S. § 7342(b), or, upon demonstration by the party asserting error the he or she "was denied a hearing or that fraud, misconduct, corruption or other irregularity caused the rendition of an unjust, inequitable or unconscionable award[,]" could have modified or vacated it. 42 Pa.C.S. § 7341. *See also Sosso*, 745 A.2d at 4. In the absence of an "award," however, neither option became available and the trial court's authority was confined to issuing a stay merely to determine the

arbitrability of the underlying claims. Because we conclude that the "Findings of Arbitrator" do not constitute an award, we deem the trial court's order here, which purported both to terminate arbitration and to modify the arbitrator's Findings, a legal nullity. *See Dover*, 465 A.2d at 649. Accordingly, the proper resolution of this case lies in completion of the arbitration as ordered by the motions judge who first reviewed the parties' agreement.

¶ 22 Moreover, even if we were to characterize the "Findings of Arbitrator" as an award subject to judicial review by the trial court, the record fails to document any basis upon which the trial court could act. Pursuant to 42 Pa.C.S. 7342(b), "a party must raise alleged irregularities in the arbitration process in a timely petition to vacate or modify the arbitration award." *Sage*, 765 A.2d at 1142. The record in this case demonstrates, without contradiction, that the Arbitrator entered his "Findings" on September 17, 2004. Nevertheless, Fastuca waited until November 10, 2006, a period of over two *years*, to seek a remedy from the trial court in the form of her Motion to Terminate Arbitration. Assuming that Fastuca viewed these Findings as a final award (which she ultimately concedes they were not, *see* Brief for Appellee at 33), and assuming further that the Motion to Terminate Arbitration could be deemed a request to modify or vacate an award, any such request would have been time-barred. *See* 42 Pa.C.S. § 7342(b); *Sage*, 765 A.2d at 1142 ("[A]ny challenge to the arbitration award [must] be made in an appeal to the Court of Common Pleas by the filing of a petition to vacate or modify the arbitration award within 30 days of the date of the award."). Consequently, Fastuca's arguments to the contrary notwithstanding, the record provides no support for the trial court's order terminating the arbitration and vitiating selected findings of the Arbitrator.

¶ 23 For the foregoing reasons, we reverse the trial court's order and reinstate the arbitration for completion of discovery among the parties and determination of the value of Diane Fastuca's distributive share of L.W. Molnar & Associates pursuant to the partnership agreement in accordance with the order of February 4, 2004.

¶ 24 Order **REVERSED.** Arbitration proceedings **REINSTATED.** Jurisdiction **RELINQUISHED.**