J-S35023-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| CAROLE GORDY, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| RAMON VEGA, | |
| Appellee | No. 2594 EDA 2014 |

Appeal from the Order Entered July 18, 2014
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 1206 00404

BEFORE: MUNDY, OLSON and PLATT,* JJ.

MEMORANDUM BY OLSON, J.:                                    **FILED JUNE 11, 2015**

Appellant, Carole Gordy, appeals *pro se* from the order entered on July 18, 2014 dismissing Appellant's petition to open judgment of *non pros*. We affirm.

The factual background and procedural history of this case are as follows. On February 2, 2010, Appellant and defendant, Ramon Vega ("Vega"), were involved in a motor vehicle accident. On January 31, 2012, Appellant filed a negligence action against Vega in the Municipal Court of Philadelphia County. On May 8, 2012, the Municipal Court found in favor of Appellant and awarded her $10,000.00 in damages.

Vega appealed to the Court of Common Pleas of Philadelphia County. The case proceeded to compulsory arbitration and, on March 14, 2013, a panel of arbitrators found in favor of Appellant and awarded her $25,000.00

_____
* Retired Senior Judge assigned to the Superior Court

in damages. Vega then requested a trial *de novo*. The parties thereafter agreed to submit their case to binding arbitration. On March 17, 2014, the arbitrator found in favor of Appellant and awarded her $8,500.00 in damages.

On May 28, 2014, Vega filed a petition to confirm the arbitration award. On June 23, 2013, the trial court granted the petition and confirmed the award. On June 25, 2014, Appellant filed a petition to open judgment of *non pros*. On July 18, 2014, the trial court denied Appellant's petition. This appeal followed.[1, 2]

Appellant presents one issue for our review:

Whether the [trial] court erred by failing to give [Appellant] an opportunity to show cause for any untimely filing of the petition?

Appellant's Brief at 4.

As is evident by our recitation of the procedural history of this case, Appellant's petition to open judgment of *non pros* was procedurally improper for two reasons. First, judgment had not yet been entered and, therefore, could not be opened. Second, once judgment was entered it was not a

---

[1] The trial court did not order Appellant to file a concise statement of errors complained of on appeal. *See* Pa.R.A.P. 1925(b). Nonetheless, the trial court issued an opinion on September 23, 2014.

[2] On September 30, 2014, this Court noted that judgment was not entered on the June 23, 2014 order confirming the arbitration award. *See Carroll v. State Farm Mut. Auto. Ins. Co.*, 616 A.2d 660 (Pa. Super. 1992), *appeal denied*, 622 A.2d 1374 (Pa. 1993) (court order confirming arbitration award must be reduced to judgment). On October 8, 2014, judgment was entered on the June 23, 2014 order confirming the arbitration award.

judgment of *non pros*. Instead, it was a judgment in favor of Appellant and against Vega. Therefore, the trial court properly denied the petition as procedurally improper.

Furthermore, even if Appellant's petition to open judgment of *non pros* were construed as a petition to vacate or modify the arbitration award, the trial court lacked jurisdiction to consider the petition. A petition to vacate or modify an arbitration award must be filed within 30 days of the arbitration award. 42 Pa.C.S.A. § 7342(b). This time-bar is jurisdictional in nature. *See Fastuca v. L.W. Molnar & Assocs.*, 950 A.2d 980, 990 (Pa. Super. 2008), *aff'd*, 10 A.3d 1230 (Pa. 2011). Appellant's petition was filed 100 days after the arbitration award. "Unlike a statute of limitations, a jurisdictional time limitation is not subject to equitable principles such as tolling except as provided by statute." *Commonwealth v. Abu-Jamal*, 833 A.2d 719, 727 (Pa. 2003). There is no statutory provision for equitable tolling relating to section 7342. Accordingly, the trial court was not required to issue a rule to show cause prior to denying the petition to vacate or modify the arbitration award.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/11/2015