J-A05040-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| KAREN DICKS AND ROBIN MCDONALD | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | No. 1973 EDA 2025 |
| THOMAS DIENNA, D.O., GRAND VIEW EMERGENCY PROFESSIONALS, PC, GRAND VIEW HOSPITAL, GRAND VIEW HEALTH, LARAMI MACKENZIE, M.D., NEUROVASCULAR ASSOCIATES OF ABINGTON, ABINGTON - JEFFERSON HEALTH, AND ABINGTON MEMORIAL HOSPITAL | : : : : : : : : : | |

Appeal from the Order Entered June 25, 2025
In the Court of Common Pleas of Bucks County Civil Division at No(s):
2018-05655

BEFORE: KUNSELMAN, J., NICHOLS, J., and SULLIVAN, J.

JUDGMENT ORDER BY SULLIVAN, J.: **FILED JANUARY 21, 2026**

Karen Dicks and Robin McDonald, Spouses ("Appellants") appeal from the trial court's order granting arbitration in their action against Thomas Dienna, D.O., Grand View Emergency Professionals, P.C., Grandview Hospital, Grand View Health, Larami Mackenzie, M.D., Neurovascular Associates of Abington, Abington-Jefferson Health, and Abington Memorial Hospital ("Appellees"). Upon review, we quash.

The relevant procedural history of this case is as follows. The parties have been engaged in six years of litigation in a case involving asserted medical malpractice. In December 2024, Appellees' counsel sent Appellants'

counsel an email which began, "This will confirm our agreement to take the case out of the court system and place it into binding arbitration." **See** Trial Court Opinion, 8/18/25, at 2. The email then stated nine points enumerating the basic terms of the agreement and explicitly anticipating the preparation of "a more formal agreement with greater detail" upon reply and confirmation from Appellants' counsel. **See id**. Appellants' counsel emailed a response to Appellee's counsel three minutes later stating, "Agreed. Thanks. I'll reach out to Dan first (sic) scheduling." **See id**. at 3. Appellants later decided they did not want to arbitrate and the parties did not sign an arbitration agreement. Appellees moved to compel arbitration, and the trial court granted their motion. The trial court later denied Appellants' motion to stay its order and a request to certify the issue for interlocutory appeal.[1] The trial court held that an order compelling arbitration is not a final order. **See id**. at 2-3.

In September 2025, Appellees filed a motion to quash or dismiss the appeal asserting the absence of a final order. **See** Appellees' Motion to Quash, 9/9/25, and Co-Appellees' Joinder to Motion to Quash, 9/29/25. Appellants filed an answer asserting the parties never agreed to arbitrate, Appellants never waived the right to appeal, and Appellants "are agreeable to [arbitration if they] . . . can maintain their right to appeal the trial court's order compelling arbitration." **See** Appellants' Answer, 9/22/25.

---

[1] The trial court also dismissed all Appellees from the suit other than Dr. MacKenzie and Dr. Dienna.

On appeal, Appellants raise the following questions:

1. Is the trial court's order of June 24, 2025[,] a collateral order pursuant to Pa.R.A.P. 313?

2. Did the trial court err in granting Appellees' Motion to Enforce the Arbitration Agreement because: (a) the December 23, 2024 emails expressly agreed that "a more formal agreement with greater detail will be prepared"; (b) the proposed "formal agreement" stated at paragraph 38 that "all parties agree that this High-Low Arbitration Agreement is not binding until all parties have executed pages 5 and 6 of this document"; (c) the formal agreement was never executed by any party; and (d) as a result of the foregoing, the parties never entered into an enforceable arbitration agreement?

3. Did the trial court err in ordering the parties to execute and file a stipulation dismissing with prejudice all defendants except Dr. MacKenzie and Dr. Dienna because the parties never entered into an enforceable arbitration agreement?

Appellants' Brief at 6.

In response to Appellees' motion to quash, Appellants assert, *inter alia*, the trial court's order compelling arbitration is a reviewable collateral order pursuant to Pa.R.A.P. 313. **See** Appellants' Answer at 3, citing **Chilutti v. Uber Techs., Inc.**, 300 A.3d 430 (Pa. Super. 2023) (*en banc*), *allocatur granted*, 325 A.3d 446 (Pa. 2024). Appellees assert an order compelling arbitration is not a final appealable order. **See** Appellants' Motion to Quash, 9/9/25, at 3. We agree there is no final appealable order in this case. An order compelling arbitration is not a final order "as it does not address the merits of the parties' claims but merely transfers their existing dispute to another forum in accordance with the arbitration provision of the underlying contract." **Fastuca v. L.W. Molnar & Associates**, 950 A.2d 980, 986 (Pa.

- 3 -

Super. 2008). The majority in *Chilutti* permitted an appeal as a collateral order pursuant to Pa.R.A.P. 313 because the issue concerned a legal question: the validity under Pennsylvania law of an arbitration provision, an issue which would not be reviewable if arbitration were granted. *See Chilutti*, 300 A.3d at 451. The issue here, by contrast, concerns the factual question of whether the parties agreed to arbitration. Accordingly, the general rule stated in *Fastuca* controls–an order compelling arbitration is not a final order and not the proper subject of a collateral appeal under Pa.R.A.P. 313. In the absence of a final order or an appealable collateral order, we grant Appellees' motion to quash this appeal.

Appeal quashed. Motion granted. The Prothonotary is directed to remove this case from the argument list.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/21/2026