# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Blair S. Mitchell and Joanne  :
Metcalf, and Eric Metcalf-Mitchell :
         : No.  1261 C.D. 2017
     v.    :
         : Argued:  November 13, 2018
Michelle Milburn and James V.  :
Lewis and Commonwealth of  :
Pennsylvania, Department of  :
Transportation     :
         :
Appeal of:  Michelle Milburn  :


BEFORE: HONORABLE MARY HANNAH LEAVITT, President Judge
    HONORABLE PATRICIA A. McCULLOUGH, Judge
    HONORABLE CHRISTINE FIZZANO CANNON, Judge


OPINION BY
BY JUDGE McCULLOUGH      FILED:  December 6, 2018


   Michelle Milburn (Defendant Milburn) appeals from the August 3, 2017 order of the Court of Common Pleas of Montgomery County (trial court) denying her petition to strike/vacate or open a judgment (Petition) in connection with a jury verdict that was rendered in an underlying case that was appealed to this Court and pending at the time she filed the Petition, *see Mitchell v. Milburn, et al*, __ A.3d __ (Pa. Cmwlth., No. 344 C.D. 2017, filed December 6, 2018) (*Mitchell I*), slip op. at 4 n.3.  We incorporate our decision in *Mitchell I* here by reference.

   Briefly, in *Mitchell I*, Blair S. Mitchell (Plaintiff) was involved in a three-car accident at an inverted "T" intersection on June 30, 2002, at approximately 8:15 p.m. on State Road 73 (Skippack Pike) at the road's juncture point with Weber

Road, in Worcester Township, Montgomery County. Plaintiff commenced a negligence action against Defendant Milburn, Defendant James V. Lewis, and Defendant Department of Transportation (DOT). (Trial court op. at 1.)

One day into the trial, Plaintiff and Defendant Milburn settled on the record and agreed to enter into a pro-rata joint tortfeasor settlement agreement, whereby Defendant Milburn would remain on the verdict sheet for the jury to assess the proportionate share of liability among the Defendants.[1] At the close of Plaintiff's case-in-chief, the trial court granted the oral motion for a compulsory non-suit made by Defendant Lewis pursuant to Pa.R.C.P. No. 230.1 and dismissed him from the case. On October 7, 2016, the jury returned a verdict, finding that Defendant Milburn (the defendant who settled) was negligent and that Defendant DOT was not negligent. The jury attributed 100% of the negligence to Defendant Milburn and awarded damages in the amount of $2,315,693.00 against her and in favor of Plaintiff. (Trial court op. at 2.)[2]

After the trial court denied Plaintiff's motions for post-trial relief on February 21, 2017, Plaintiff filed a notice of appeal to this Court on March 16, 2017.

_____

[1] The written agreement itself is located in the Supplemental Reproduced Record at 45b-47b, and the hearing transcript regarding the settlement agreement is located in Defendant Milburn's Reproduced Record at 46a-52a. For a discussion of joint tortfeasor and pro-rata settlement agreements, *see Taylor v. Solberg*, 778 A.2d 664 (Pa. 2001); *Charles v. Giant Eagle Markets*, 522 A.2d 1 (Pa. 1987).

[2] On November 4, 2016, Defendant Milburn filed a petition to enforce her settlement agreement with Plaintiff, seeking to have the matter marked as settled and discontinued and to have all cross-claims against her dismissed. Plaintiff filed a response, contending that the settlement agreement did not include a provision that provided for the filing of an order to settle, discontinue, and end the matter. On March 17, 2017, the trial court denied the petition to enforce, concluding that the terms of the settlement agreement did not require that such action be taken. (Trial court op. at 3.) Defendant Milburn did not appeal that ruling to this Court.

Subsequently, this Court issued an order on April 26, 2017, directing Plaintiff to reduce the verdict in *Mitchell I* to a judgment on the docket.[3] On May 1, 2017, Plaintiff filed a praecipe to enter judgment under Pa.R.C.P. No. 227.4, and judgment was entered against Defendant Milburn in the amount of $2,315,693.00. (Trial court op. at 2-3.)

While Plaintiff's appeal in *Mitchell I* was pending before this Court, Defendant Milburn filed the Petition in the trial court on May 16, 2017. She argued that due to the settlement agreement, it was improper and inequitable for Plaintiff to enter judgment against her and proposed that the trial court enter an order altering the jury's verdict and/or judgment and issue a revised judgment that marks the case settled as to her and enters judgment in favor of Defendants Lewis and DOT. (Trial court op. at 3.)

On August 3, 2017, the trial court entered an order denying the Petition. On September 1, 2017, Defendant Milburn filed a notice of appeal to this Court. Both Defendant Milburn and the trial court have complied with Pa.R.A.P. 1925. (Trial court op. at 3.)

In its Pa.R.A.P. 1925(a) opinion dated October 23, 2017, the trial court reconsidered its ruling denying the Petition and stated that the Petition,

> should have been granted and entry of judgment against [Defendant Milburn] for the full amount of the verdict was inequitable after she executed the joint tortfeasor release.

---

[3] "[T]he proper, procedural course to pursue in perfecting an appeal from [a] jury verdict is to reduce the verdict to judgment and take an appeal therefrom and not from an order denying post-trial motions." *Crosby v. Department of Transportation*, 548 A.2d 281, 283 (Pa. Super. 1988). Technically, an "[a]ppeal lies from the judgment entered and not the denial of post-trial motions," *id.*, and a "verdict did not become final for purposes of appeal until properly reduced to and entered as a formal judgment under Pa.R.C.P. [No.] 227.4." *Crystal Lake Camps v. Alford*, 923 A.2d 482, 488 (Pa. Super. 2007).

3

> Therefore, the judgment should be opened and a new judgment should be entered consistent with Defendant Milburn's proposed Final Judgment Order.[4] The court finds, however, that it is without jurisdiction to now open the current judgment and enter a new judgment since Defendant Milburn filed a notice of appeal and no timely motion for reconsideration was made.

(Trial court op. at 7.) The trial court, nonetheless, requested that this Court reverse its August 3, 2017 order and remand the case for entry of Defendant Milburn's proposed Final Judgment Order. *Id.* at 8.

On appeal to this Court, Defendant Milburn contends that her Petition functioned as a timely-filed post-trial motion in the procedural context of *Mitchell I* because judgment in that case was not officially entered on the docket until May 1, 2017, and the Petition was filed on May 16, 2017. We disagree.

Contrary to the argument made by Defendant Milburn, the time for filing a post-trial motion does not run from the date that judgment is officially entered on the docket. In fact, judgment cannot be entered until after the trial court rules on post-trial motions, which necessarily means that post-trial motions must precede the entry of a judgment. *See* Pa.R.C.P. No. 227.4(b)(2). Pursuant to Pa.R.C.P. No. 227.1(c)(1), the time for filing post-trial motions commences when the jury returns its verdict. *Id.*; *see Oak Tree Condominium Association v. Greene*, 133 A.3d 113, 116 (Pa. Cmwlth. 2016) ("[W]here a trial has taken place and timely post-trial motions have been filed pursuant to Rule 227.1, the appeal period does not begin to run until

---

[4] Defendant Milburn's proposed Final Judgment Order was as follows: (1) The matter is marked settled as to Defendant Milburn only; (2) Judgment is entered as to Defendant Lewis pursuant to the directed verdict; and (3) Judgment is entered as to Defendant DOT pursuant to the jury verdict in its favor on liability. (Trial court op. at 6.)

the trial court has issued a decision on the post-trial motions.").[5]  Specifically, a motion for post-trial relief must be filed within 10 days after the jury's verdict and, if a party has filed a timely post-trial motion, any other party to the action may file post-trial motions within 10 days after the filing of the first post-trial motion.  Pa.R.C.P. No. 227.1(c)(1).

Here, the jury returned its verdict in *Mitchell I* on October 7, 2016, and Plaintiff filed post-trial motions on October 17, 2016.  No other post-trial motions were filed.  On February 21, 2017, the trial court denied Plaintiff's post-trial motions. Close to three months later, on May 16, 2017, Defendant Milburn filed the Petition. As a result, the Petition was patently untimely, filed well beyond the time period permitted for filing an appeal in *Mitchell I*, and, therefore, the Petition cannot be construed as being the equivalent of a post-trial motion.  *See Oak Tree*, 133 A.3d at 117 ("Prior to the 30-day appeal period, a trial court has broad authority to modify or rescind an order, and is within its authority to exercise its discretion to decide even untimely motions where there is no objection . . . . However, a trial court relinquishes its ability to act once the 30-day period has passed."); section 5505 of the Judicial Code, 42 Pa.C.S. §5505.

More importantly, in *Mitchell I*, Plaintiff filed a notice of appeal to this Court on March 16, 2017, and this raises the issue of whether the trial court possessed jurisdiction to even consider Defendant Milburn's Petition filed on May 16, 2017.

The law is settled in this Commonwealth that once a party takes an appeal to an appellate court, the trial court is divested of jurisdiction over the subject matter and "may no longer proceed further in the matter."  Pa.R.A.P.  1701(a).

---

[5] There are exceptions not applicable here, such as when the jury is discharged or when a nonsuit is entered in the case of a jury trial.  Pa.R.C.P. No. 227.1(b)(1)-(2).

Although now codified in our Rules of Appellate Procedure, this principle has its roots in common law. *See* Pa.R.A.P. 1701(a), *Note* (citing *In re Merrick's Estate*, 247 A.2d 786-87 (Pa. 1971); *Corace v. Balint*, 210 A.2d 882, 889 (Pa. 1965)). As our Supreme Court said: "A court of first instance cannot further proceed with a cause after [an appeal has been filed in] an appellate court . . . . The practice . . . of modifying (except in matters of form) or reversing orders from which an appeal has been taken, and is pending, is disapproved." *Corace*, 210 A.2d at 889.

Nonetheless, pursuant to Pa.R.A.P. 1701(b)(1), a trial court, in relevant part, may "[t]ake such action as may be necessary to . . . correct formal errors in papers relating to the matter." *Id.*; *see Metropolitan Edison Co. v. Old Home Manor, Inc.*, 482 A.2d 1062, 1065 (Pa. Super. 1984). Examples of formal errors that are amenable to correction include technical, non-substantive amendments to an order that have no effect on the pending appeal and cannot prompt a new appealable issue. *Pellizzeri v. Bureau of Professional and Occupational Affairs*, 856 A.2d 297, 302 (Pa. Cmwlth. 2004). Other specific examples involve acts that do not require the exercise of discretion, such as molding a verdict to reflect delay damages under Pa.R.C.P. No. 238, *see Fish v. Gosnell*, 463 A.2d 1042, 1052 (Pa. Super. 1983), and to incorporate prejudgment statutory or contractual interest to the verdict. Pa.R.A.P. 1701, *Note* (citing *TruServ Corp. v. Morgan's Tool & Supply Co., Inc.*, 39 A.3d 253, 264 (Pa. 2012)). In these instances, "the award of such interest is mandatory and not discretionary," Pa.R.A.P. 1701, *Note*, and, importantly, the computation of interest is a "simple clerical matter based upon dates and amounts appearing on the face of the record." *Kessler v. Old Guard Mutual Insurance Co.*, 570 A.2d 569, 573 (Pa. Super. 1990).

Typically, if not always, a trial court is divested of jurisdiction to rule upon a petition to strike, open, or vacate a judgment after an appeal has been filed in the underlying matter. *See Richland Township v. Prodex, Inc.*, 646 A.2d 652, 653 n.1 (Pa. Cmwlth. 1994); *McKeown v. Bailey*, 731 A.2d 628, 632 n.2 (Pa. Super. 1999); *see also Leasing Service Corp. v. Benson*, 464 A.2d 402, 410 (Pa. Super. 1983).[6] Once a judgment has been entered on the docket pursuant to Pa.R.C.P. No. 227.4, the judgment "shall be final as to all parties and all issues," Pa.R.C.P. No. 227.4(1)(b), and, until it reaches the stage of finality, "the judgment is not subject to either reconsideration or any other motion to strike, open or vacate." *Conte v. Hahnemann University Hospital*, 707 A.2d 230, 231 (Pa. Super. 1998). This is the general and well-recognized rule, and we conclude that it applies here.

In the appeal from *Mitchell I*, Plaintiff requested that this Court award her a new trial with respect to Defendant Lewis and Defendant DOT. As a practical matter, were this Court to deny Plaintiff relief, the judgment and verdict would be affirmed; were we to grant Plaintiff relief, the judgment and verdict would be vacated and a new trial would commence. However, in her Petition, Defendant Milburn requested that the judgment be stricken, opened, or vacated. In Pennsylvania, "[a]n order of the court striking a judgment annuls the original judgment and the parties are

---

[6] *Richland Township*, 646 A.2d at 653 n.1 ("The trial court could not act on Prodex's motion to open/or strike the judgment because once an appeal is filed the trial court no longer has jurisdiction. Pa.R.A.P. 1701(a)."); *McKeown*, 731 A.2d at 632 n.2 ("We see no need to address the issue concerning Appellants' Petition to Open/Strike Judgment . . . . The Petition was not filed until after Appellants lodged their appeal with this Court on March 30, 1998. The Trial Court therefore was divested of jurisdiction to act in the matter. *See* Pa.R.A.P. 1701."); *Leasing Service Corp.*, 464 A.2d at 410 ("At the time Appellant made his demand . . . for the satisfaction of the judgment against him, our appellate Court had jurisdiction of his appeal, which *inter alia*, challenged both the very validity of the judgment and the amount of it . . . . We do not believe that Rule 1701(a) permitted the lower court to examine the merits and to declare whether or not the Appellant still bears liability on the judgment.").

7

left as if no judgment had been entered." *Crystal Lake Camps v. Alford*, 923 A.2d 482, 488 (Pa. Super. 2007). Similarly, a petition to open a judgment, if granted, has the effect of opening the judgment to permit further proceedings. *See Estate of Gasbarini v. Medical Center of Beaver County, Inc.*, 409 A.2d 343, 345 (Pa. 1979). And when a judgment is vacated, the effect is "[t]o nullify or cancel," "make void," or "invalidate" the judgment. BLACK'S LAW DICTIONARY 1688 (9th ed. 2009). By its very nature, a petition seeking to either strike, open, or vacate a judgment attacks the underlying judgment itself. Consequently, Defendant Milburn's Petition essentially requested the trial court to set aside or otherwise modify a verdict and judgment that is currently the subject matter and basis of the appeal pending in *Mitchell I*. Pursuant to Pa.R.A.P. 1701(a) and its accompanying case law, Defendant Milburn lacked the legal authority to make such a request, and the trial court lacked the legal authority to rule upon such a request.

Moreover, although in *Mitchell I*, Defendant Milburn remained on the verdict sheet as part of her settlement agreement, a trial court can decide not to include a settling defendant on, or remove a settling defendant from, the verdict sheet. This evidentiary decision, however, is not a mandatory or ministerial act, but instead, involves the exercise of discretion. *See Rose v. Annabi*, 934 A.2d 743, 747 (Pa. Super. 2007). In the usual practice, a party seeks to mold or amend a verdict via post-trial motions before the verdict is reduced to a judgment. A trial court, though, cannot mold or amend the verdict "to invade the province of the jury," "to satisfy the supposed equities of the case," or make a perceived correction "where the intention of the jury is not obvious," such as "when the question was never submitted to the jury." *House of Pasta, Inc. v. Mayo*, 449 A.2d 697, 701 (Pa. Super. 1982). If a party desires a court of common pleas to take action in circumstances like these, the most

appropriate remedy is to wait until the judgment becomes final and then file a petition to open the judgment, *see id.* at 698-704 & nn.1, 4, which is a proceeding that involves judicial discretion and invokes the trial court's equitable powers. *See Balk v. Ford Motor Company*, 285 A.2d 128, 130 (Pa. 1971).

Here, the jury returned a verdict finding Defendant Milburn 100% negligent and awarded Plaintiff $2,315,693.00 in damages. There is nothing in the record to sustain the notion that this is not what the jury intended, and its verdict was accurately reduced to a judgment upon *praecipe* by Plaintiff. (Reproduced Record (R.R.) at 48a-49a, 138a-40a.) The entire legal theory supporting the Petition is that the verdict, as reduced to a judgment, is "unfair" and "prejudicial" to Defendant Milburn. (R.R. at 71a-72a.) Therefore, the Petition seeks relief based upon equitable and discretionary considerations and has no basis in the expressed intent of the jury. The Petition, as such, requests that the judgment be modified or amended in a manner that does not constitute the mere correction of a formal error, as that concept is envisioned and embodied in Pa.R.A.P. 1701(b)(1). The trial court, therefore, was divested of jurisdiction to rule upon the Petition in the first instance.

Defendant Milburn also argues that the trial court erred in denying the Petition on the merits in its August 3, 2017 order. For support, Defendant Milburn cites case law discussing the purpose and effect of a settlement agreement and the fact that the trial court reconsidered the matter and later found that she was entitled to relief. However, because we have determined that the trial court lacked jurisdiction to decide the Petition, any discussion of the merits of that Petition is unnecessary and would be advisory in nature.

Where, as here, "a court takes action beyond the power conferred on it by law (its jurisdiction), its action is a nullity." *Dover v. Philadelphia Housing*

9

*Authority*, 318 465 A.2d 644, 649 (Pa. Super. 1983). Accordingly, we vacate the trial court's August 3, 2017 order and remand with direction that the trial court enter an order dismissing the Petition for want of jurisdiction. Our decision is without prejudice to Defendant Milburn filing another petition, after *Mitchell I* obtains the status of a final judgment, that seeks to modify, amend, or otherwise alter the verdict and/or judgment for the reasons and legal grounds stated in her Petition. *See Weigley v. Coffman,* 22 A. 919, 921 (Pa. 1891); *Jonas v. Wiesmeth Construction Co.*, 520 A.2d 40, 41 (Pa. Super. 1987).


_____
PATRICIA A. McCULLOUGH, Judge


Judge Cohn Jubelirer did not participate in this decision.


10

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Blair S. Mitchell                             :
                                              :    No.  1261 C.D. 2017
              v.                              :
                                              :
Michelle Milburn and James V.                 :
Lewis and Commonwealth of                     :
Pennsylvania, Department of                   :
Transportation                                :
                                              :
Appeal of:  Michelle Milburn                  :


## ***ORDER***


        AND NOW, this 6th day of December, 2018, the August 3, 2017 order of the Court of Common Pleas of Montgomery County (trial court) is vacated.  The case is remanded to the trial court with direction to enter an order dismissing the petition to strike/vacate or open the judgment (Petition) filed by Michelle M. Milburn (Milburn) for lack of jurisdiction.  This order is without prejudice to Milburn filing another petition on the same grounds as the instant Petition.

        Jurisdiction relinquished.


                                    _____
                                    PATRICIA A. McCULLOUGH, Judge