# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Philadelphia             :
                                     :
      v.                    : No. 832 C.D. 2021
                                       : Submitted: November 14, 2022
Zig Zag, LLC,              :
                                     :
             Appellant  :

BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE ELLEN CEISLER, Judge (P.)
                HONORABLE STACY WALLACE, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE WOJCIK                        FILED: December 15, 2022

Zig Zag, LLC (Owner) appeals from an order of the Philadelphia County Court of Common Pleas (trial court) that denied its motion to set aside a Sheriff's sale for property located at 617-31 South 56th Street, Philadelphia, Pennsylvania, where Owner operates a parking garage (Property). This case returns to us after remand ordered by this Court.[1] Owner argues that the trial court erred in

---

[1] In *City of Philadelphia v. Zig Zag, LLC* (Pa. Cmwlth., No. 1168 C.D. 2019, filed May 3, 2021) (*Zig Zag I*), we considered Owner's appeal from the trial court's denial of its motion to set aside the sale of the Property for unpaid real estate taxes. Because we found that no hearing was held on the motion to set aside, and that Owner did not have the opportunity to present evidence to contest the sale, we vacated the matter and remanded to the trial court for further proceedings. *Zig Zag I*, slip op. at 1. Specifically, and critically, in *Zig Zag I*, we not only vacated the trial

**(Footnote continued on next page…)**

failing to follow this Court's specific directions on remand, which denied Owner the opportunity to redeem the Property under Section 31 of the act commonly known as the Municipal Claims and Tax Liens Act (Act).[2] The City of Philadelphia (City), joined by intervenor RNG Realty, LLC (Purchaser), responds that the trial court did not err when the City did nothing wrong, and the trial court's decision properly balanced the interests of all parties. Because we conclude that the trial court failed to follow this Court's directions on remand in *Zig Zag I*, we are constrained to reverse the trial court's order and remand this matter again, for further proceedings consistent with this opinion.

The relevant facts, summarized in *Zig Zag I* and from the record in this appeal, are as follows. Owner was the record owner of the Property. *Zig Zag I*, slip op. at 2. On August 14, 2018, the City petitioned the trial court for a rule to show cause as to why the Property should not be sold free and clear of all liens and encumbrances at a Sheriff's sale under Section 31.2 of the Act, 53 P.S. §7283.[3] *Zig Zag I*, slip op. at 2. The trial court issued a rule returnable and scheduled a hearing to take place on November 13, 2018. *Id.* The City filed affidavits of service stating that it notified Owner of the sale petition and rule by sending First Class and certified mail to Owner at the Property and at its registered address, and by posting notice of the sale petition and rule on the front door of the Property. *Id.* After receiving no

---

court's order denying Owner's motion to set aside the sale, but we also vacated the trial court's order approving the sale. *Id.* at 1, 13.

[2] Act of May 6, 1923, P.L. 207, *as amended*, 53 P.S. §§7101-7505. Section 31 of the Act, 53 P.S. §7281, provides, in relevant part, that "[a]ny person interested may, at any time before the sale, pay the petitioner the whole of his claim, with interest, costs, charges, expenses, fees[,] and attorney fees, whereupon the proceedings on the petition shall at once determine."

[3] Added by Section 1 of the Act of March 15, 1956, P.L. (1955) 1274.

2

response from Owner, the trial court held a hearing before a trial commissioner on November 13, 2018, where the proceeding consisted of the acceptance of the City's affidavits of service. *Id.* Owner did not appear at this hearing, no witnesses testified, and the hearing was just one minute long. *Id.* at 2, 11-12. Based on the trial commissioner's findings, the trial court issued a decree on November 14, 2018, permitting the Sheriff's sale, which was scheduled for March 20, 2019. The City sent notice of the Sheriff's sale to Owner, and on March 20, 2019, the Property was sold to Purchaser for $190,000. *Id.* at 3. The Sheriff's deed was filed on April 15, 2019. *Id.*

Counsel entered his appearance for Owner on May 6, 2019, and filed a petition to redeem the Property under Section 32 of the Act, 53 P.S. §7293, which was later withdrawn because it was untimely.[4] *Zig Zag I*, slip op. at 3-4. Owner also filed a motion to set aside the Sheriff's sale, contesting the adequacy of notice by mail and posting under the Act. *Id.* at 3. Specifically, Owner argued that the Property was not posted on the "most public part of the property" as required by Section 39.2 of the Act, 53 P.S. §7193.2.[5] *Zig Zag I*, slip op. at 3. The trial court held a hearing on July 18, 2019, at which it accepted Owner's withdrawal of its petition for redemption and granted Purchaser's petition to intervene, which was unopposed. *Id.* at 4. The trial court did not address Owner's petition to set aside the Sheriff's sale at this hearing, and issued an order dated July 24, 2019, denying

---

[4] Section 32 of the Act prohibits redemption of "vacant" property after the date of acknowledgement of the sheriff's deed, where "vacant" is defined as property that is not continuously occupied by the same individual or basic family unit as a "residence" for at least 90 days before the sale. *See* 53 P.S. §7293(c), *Zig Zag I*, slip op. at 3 n.3. Because the Property is not "vacant," redemption under this Section of the Act is not available to Owner.

[5] Added by Section 4 of the Act of December 14, 1992, P.L. 859.

Owner's petition to set aside without holding a hearing or otherwise giving Owner the opportunity to be heard on the notice issue. *Id.*

Owner then appealed the trial court's July 24, 2019 order to this Court, which determined that Owner was denied due process when the trial court failed to provide Owner with an opportunity to be heard on the notice issue. *Zig Zag I*, slip op. at 7-11. The Court interpreted Section 31.2(a) of the Act, 53 P.S. §7283(a), to require a hearing at which the trial court must be satisfied that the rule was properly served, and that the facts stated in the sale petition are true, before it may permit a Sheriff's sale to occur. *Id.* at 10. Because no such hearing took place, the Court vacated the trial court's July 24, 2019 order denying Owner's petition to set aside, and also vacated the trial court's November 14, 2018 order and decree which permitted the Sheriff's sale to proceed. *Id.* at 1, 13. To reach this result, the Court was guided by relevant case law which confirms that the purpose of the Act is to "collect delinquent taxes, not to strip owners of their property." *Id.* at 9. *See City of Philadelphia v. Manu*, 76 A.3d 601, 606 (Pa. Cmwlth. 2013); *City of Philadelphia v. F.A. Realty Investors Corporation*, 129 A.3d 1279, 1283 (Pa. Cmwlth. 2015); and *City of Philadelphia v. Labrosciano*, 202 A.3d 145, 151 (Pa. Cmwlth. 2018). The Court also explained that, in accordance with the purpose of the Act, strict compliance with the statutory service and hearing requirements is required, so that the due process protections of property owners are safeguarded. *Zig Zag I*, slip op. at 10; *Manu*, 76 A.3d at 606.

The Court concluded that the brief hearing held by the trial court on November 13, 2018, failed to provide Owner with the opportunity to contest the notice issue or the contents of the City's sale petition, and that the trial court also failed to hold a hearing on Owner's motion to set aside the Sheriff's sale.

4

Accordingly, the Court vacated the November 14, 2018 order permitting the sale, vacated the July 24, 2019 order denying the motion to set aside, and remanded the matter to the trial court "to hold an evidentiary hearing, which shall include an inquiry regarding the contents of the [s]ale [p]etition and the City's compliance with the service provisions of the Act." *Zig Zag I*, slip op. at 13.

On remand, the trial court issued a rule to show cause on the City's tax lien petition, setting the hearing on the rule for June 15, 2021. Reproduced Record (R.R.) at 95a-96a. Owner filed an answer and new matter to the petition, in which Owner denied the City's allegations, contested the City's notice efforts, and sought the opportunity to pay all outstanding costs, fees, and tax arrearages as permitted by Section 31 of the Act. R.R. at 97a-107a. The City filed preliminary objections, in which it sought to strike Owner's answer and new matter because it was filed too late.[6] *Id.* at 108a-14a. At the June 15, 2021 hearing, the City presented testimony and documentation from its process server about his efforts to post notice on the Property in 2018, and testimony and documentation from a City revenue employee about the amount of real estate taxes owed on the Property. *Id.* at 148a-56a. Owner presented testimony of its owner, Frankee Francis, who testified that he visited the Property regularly during the relevant time period, and he did not receive mail or see the posting on the Property regarding the impending Sheriff's sale. *Id.* at 157a-58a. Mr. Francis testified that he became aware of the Sheriff's sale after the sale occurred when Purchaser placed a "for rent" sign on the Property. *Id.* Mr. Francis also

---

[6] Section 35 of the Act, 53 P.S. §7189, requires that answers must be filed and served within 15 days after "service of the petition." Facts averred by either party and not denied by the other party "shall be taken as true" in all subsequent proceedings in the cause without necessity for proof. *Id.*

testified that he was trying to find out exactly what was owed on the Property, and was prepared to pay what was owed. *Id.* at 158a.

On June 21, 2021, the trial court issued an order denying Owner's motion to set aside the sale, and specifically found that the City "presented sufficient evidence that it complied with the requirements of the [Act]." R.R. at 115a. On August 27, 2021, the trial court issued an opinion in support of its ruling pursuant to Pa. R.A.P. 1925(a). *Id.* at 132a-43a. In its opinion, the trial court summarized the proceedings and addressed Owner's motion to set aside, determining that the City presented sufficient evidence to show that the contents of the tax lien petition were accurate, and that "service and notice was proper in comportment with due process as well as the [Act.]" *Id.* at 142a.

The trial court also discussed the scope of this Court's remand, stating as follows:

> This Court [the trial court] notes that the May 3, 2021[]
> Order of the Commonwealth Court did indicate that this
> Court's November 14, 2018[] Order approving the tax sale
> of the [] Property was vacated[;] however such action by
> this Court would result in a procedural anomaly. As such,
> consistent with the spirit of this Order, this Court first
> decided to hold a hearing to determine the truth of facts
> alleged in the City's [t]ax [l]ien [p]etition, and to inquire
> whether service and notice had been proper. After the
> hearing this Court found there was substantial evidence of
> [the City's] compliance with notice and service
> requirements and also sufficient evidence to determine the
> allegations contained in the [t]ax [l]ien [p]etition were
> true. As a result, this Court could see no reason to
> completely vacate the underlying [t]ax [l]ien [p]etition
> when [the City] committed no material errors during the
> process of this litigation. In addition, this Court did not
> believe it would be fair and equitable to divest the present
> owners [(Purchaser)] of their ownership interest by
> vacating the original [t]ax [s]ale [d]ecree, thus forcing a

6

reinitiating of the entire tax sale process during a global pandemic and city-wide ban on Sheriff [s]ales. At all times this Court was acting to preserve the rights of all parties in a manner that was fair, equitable, and in the interest of judicial economy.

R.R. at 139a, n.12. The trial court noted that this Court's remand order did not "explicitly" specify that the trial court was required to enter a "new decree authorizing [S]heriff['s] sale" or to "schedule a new date" for the Sheriff's sale. *Id.* at 140a.

The trial court cited several cases in support of its equitable powers, including *Gondek v. Bio-Medical Applications of Pennsylvania, Inc.*, 919 A.2d 283, 286 (Pa. Super. 1987), and *Hettler v. Shephard*, 191 A. 581, 582 (Pa. 1937), among others. R.R. at 139a-40a. The trial court also cited *Nationstar Mortgage, LLC v. Lark*, 73 A.3d 1265, 1267 (Pa. Super. 2013), for the proposition that "'[t]he purpose of a sheriff's sale in mortgage foreclosure proceedings is to realize out of the land, the debt, interest, and costs which are due, or have accrued to, the judgment creditor.'" (internal citations omitted). R.R. at 138a-39a. The trial court noted that it would not be fair "to divest" Purchaser of its ownership interest when the City "committed no material errors" during the litigation, and when Purchaser's counsel stated that Purchaser "has made significant investments" in the Property since the sale. *Id.* at 134a, 139a. The trial court opined that it did not abuse its discretion on remand, when its decision was guided by its understanding of the applicable equitable principles, and that its decision should be affirmed. *Id.* at 143a.

On appeal,[7] Owner argues that the trial court erred by ignoring this Court's remand order, specifically by ignoring the portion of the remand order that

---

[7] Our review in tax sale cases is limited to determining whether the trial court abused its discretion, erred as a matter of law, or rendered a decision not supported by substantial evidence. *In Re: Balaji Investments, LLC*, 148 A.3d 507, 509 n.2 (Pa. Cmwlth. 2016).

7

vacated the November 14, 2018 decree authorizing the Sheriff's sale.[8] Owner argues that under the terms of this Court's remand order that vacated the decree authorizing the sale, the resulting sale itself was a nullity. Owner argues that the trial court erroneously denied Owner the opportunity to redeem the Property under Section 31 of the Act, "at any time before the sale," because the trial court failed to acknowledge that the Court's remand order made the sale void. The City, joined by Purchaser, finds no such error in the trial court's decision. The City responds that the Court's remand order did not reverse but rather vacated the trial court's order denying Owner's motion to set aside, which logically revived Owner's motion for the trial court to reconsider, which it did. The City further responds that when the trial court determined that notice was proper and denied Owner's motion to set aside, there would be no logical reason to waste judicial resources to permit another Sheriff's sale to occur. The City further notes that if this Court finds that *Zig Zag I* operated to void the sale *ab initio*, it seeks to reserve these arguments for appeal. *See* City's Brief at 11, n.3.

We agree with Owner that the effect of this Court's order that vacated the November 14, 2018 decree permitting the Sheriff's sale rendered the Sheriff's sale void, as if the sale had never occurred. When an order is vacated, the "**effect** is '[t]o nullify or cancel,' 'make void,' or 'invalidate' the judgment." *Mitchell v. Milburn*, 199 A.3d 501, 507 (Pa. Cmwlth. 2018) (internal citation omitted) (emphasis in original).

We also agree with Owner that the trial court erred when it failed to follow all of the Court's remand instructions. In relevant part, Pa. R.A.P. 2591

---

[8] Owner does not appeal the trial court's determination that the City provided proper notice of the sale or otherwise complied with the Act. Therefore, the merits of the City's compliance with the Act, including its provision of notice of the sale, are not before us.

directs that "on remand" the trial court "shall proceed in accordance with the judgment or other order of the appellate court." Our Supreme Court has instructed that the trial court's duty on remand is to "comply strictly with our mandate and such compliance require[s] the court to proceed in a manner consistent with the views expressed in our opinion." *Commonwealth v. Tick, Inc.*, 246 A.2d 424, 426 (Pa. 1968). Further, our Court has explained that "[i]t is well[]settled that following remand, the trial court below must comply strictly with this Court's mandate and has no power to modify, alter, amend, set aside, or in any measure disturb or depart from this Court's decision as to any matter decided on appeal." *Commonwealth v. Null*, 186 A.3d 424, 429 (Pa. Cmwlth. 2018).

Here, the trial court erred by ignoring the part of the Court's remand instructions relating to the November 14, 2018 decree that permitted the Sheriff's sale to proceed. Although the trial court explained its modification of this Court's remand in the text of its opinion, that court lacked the authority to modify this Court's remand order. See R.R. at 139a-40a; Pa. R.A.P. 2591; *Tick*, 246 A.2d at 426; *Null*, 186 A.3d at 429. When we vacated both the November 14, 2018 decree permitting the tax sale to proceed and the July 24, 2019 order denying Owner's motion to set aside, this Court unwound the case back to its start, which rendered the Sheriff's sale a nullity and undid the trial court's denial of Owner's motion to set aside. *See Mitchell*, 199 A.3d at 507.

Although the trial court held a hearing to independently evaluate the allegations in the City's tax sale petition and its compliance with the notice requirements, which is not at issue here, the trial court failed to fully unwind the Sheriff's sale, as directed by this Court. We acknowledge the trial court's focus on balancing the equities of the parties, but this emphasis fails to properly account for

9

the purpose of proceedings under the Act, which is "collect delinquent taxes, not to strip owners of their property." *Zig Zag I*, slip op. at 9; *Manu*, 76 A.3d at 606; *F.A. Realty Investors*, 129 A.3d at 1283; and *Labrosciano*, 202 A.3d at 151.

Accordingly, we reverse the portion of the trial court's order dated June 21, 2021, that denied Owner's motion to set aside, and remand for further proceedings consistent with this opinion, which shall specifically include the issuance of a new decree permitting a Sheriff's sale to be conducted on the Property, if necessary, and which shall also provide Owner with the opportunity to redeem its property under Section 31 of the Act, at any time before a Sheriff's sale of the Property may occur.

MICHAEL H. WOJCIK, Judge

Judge Dumas did not participate in the decision of this case.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Philadelphia        :
                      :
      v.                : No. 832 C.D. 2021
                      :
Zig Zag, LLC,          :
                      :
             Appellant  :

# **O R D E R**

AND NOW, this 15th day of December, 2022, the portion of the order of the Philadelphia County Court of Common Pleas (trial court) dated June 21, 2021, that denied Zig Zag, LLC's motion to set aside is REVERSED, and this matter is REMANDED to the trial court for further proceedings in accordance with the foregoing memorandum opinion.

Jurisdiction is relinquished.

_____
MICHAEL H. WOJCIK, Judge